HEIRS OF EDUARDO RIJOS, Appellants, *v.* REGISTRAR OF SAN JUAN, Respondent.

No. 634. Submitted April 5, 1926.—Decided April 28, 1926.

*Enrique Díaz Viera* for the appellants. The registrar appeared by brief.

MR. JUSTICE ALDREY delivered the opinion of the court.

Title to property No. 21 San José Street of this city of San Juan was recorded first in the registry of property in the year 1889 in favor of six brothers named Folgueras Rijos, as heirs of Mariana Rijos Correa, with respect to certain interests in the amount of 9,051.75 *pesos*, the value given by them to the property, which was encumbered by an annuity for 7,760 *pesos macuquinos*, all of which appeared from a possessory title proceeding presented by them and approved by the court. That record was rectified in the year 1890 by the second record of the property made as a result of another possessory title proceeding brought by the said Folgueras Rijos brothers and others as heirs of Juan Rijos Correa in which they stated that they had been holding undivided interests in the said property amounting to a total of 1,281.75 *pesos*, and a record was made in the registry of

said joint interests. In 1908 by record No. 11 an entry in the old registry was brought to the new registry from which it appeared that the property was encumbered by a mortgage for 7,760 *pesos macuquinos* to secure an annuity which Juan Rijos Teduche created in the year 1835. That entry bears a marginal note to the effect that that encumbrance was canceled by record No. 20 made in the year 1921.

In 1926, ninety years after the death of Juan Rijos Teduche, his will was presented in the registry by the heirs of Eduardo Rijos for recording the title to the property in favor of his seven children born in lawful wedlock with Rafaela Nicolasa Correa and designated as his heirs according to clause 25 of the will. It appeared from clause 8 that the property referred to was a part of his estate. The will was accompanied by a writing asking the registrar to record in favor of the said seven testamentary heirs 85.88 per cent of the value of 9,051.75 *pesos* which was not recorded in favor of Francisco López Sánchez and Eustaquia Rijos Lara in whose favor are recorded the joint interests to which the second record refers; but the registrar refused to make the record for the reasons appearing in his endorsement on the will reading as follows:

"Record of this document is denied as to the joint interest referred to for the following reasons: 1. That the entire ownership of the property is at present recorded in favor of Francisco López Sánchez and Eustaquia Rijos Lara, that is, the ownership amounting to 1,281.75 *pesos* which was recorded originally in favor of several joint owners in the second record. 2. That the entire property, according to the registry and the titles, bore an encumbrance amounting to 7,760 *pesos,* which having been paid by López Sánchez who transferred the lien to another real property belonging to him, appears from record No. 20, originated in his favor and in that of the other co-owner, Eustaquia Rijos Lara, another free and equal interest in the property in the amount of said lien, for it appears from the registry that the original and subsequent transfers and entries referred to the entire property, although its value of 9,051.75 *pesos* had been reduced to 1,281.75 *pesos* by reason of the deduction of the

amount of the lien. 3. That since the joint ownership that constitutes the difference between the two values, whose record is herein requested, should be considered as belonging to and recorded in the names of persons other than Juan Rijos Teduche, the record of that right in favor of his heirs can not be granted. Sec. 20 of the Mortgage Law. And in lieu thereof a cautionary notice for the lawful term has been entered."

This administrative appeal was taken from that decision.

In view of the entries in the registry the question to be decided is whether an additional right to a joint ownership free and equivalent to the amount of the encumbrance accrued to co-owners Francisco López Sánchez and Eustaquia Rijos Lara, as the registrar states, by reason of his having released the said property from the encumbrance outstanding on it because it appears from the registry that the entries made therein refer to the entire property and that since the joint ownership constituted by the difference between the 1,281.75 *pesos* and the 9,051.75 *pesos* should be considered as recorded in the name of persons other than Juan Rijos Teduche the record in favor of his heirs can not be made, or whether, as sustained by the appellants, Francisco López Sánchez has no ownership as to that difference and therefore it can be recorded in favor of the said heirs.

It is seen clearly that Francisco López Sánchez and Eustaquia Rijos Lara have recorded in the registry only joint interests for 1,281.75 *pesos* in the value of 9,051.75 *pesos*, which were those recorded by the heirs in whose favor the second record was made, and that the difference of 7,770 *pesos* was not at that time or thereafter recorded in favor of any person, perhaps because it was reduced by the encumbrance on the property, and it can not be concluded, in view of the entries in the registry, that the original and subsequent co-owners had recorded in their favor the entire value of the property or that the fact that co-owner López Sánchez released the property from the mortgage on it by having acknowledged that debt on a property belonging to

him created in him a right of joint ownership that must be considered as recorded in his favor, for that release gave him only the right recognized in him by section 1126 of the Civil Code to recover from the other co-owners their proportional share in the obligation paid by him.

Therefore, since the amount of 7,770 *pesos* in the value of 9,051.75 *pesos* is not recorded in favor of any person, the real property should have been recorded as to that amount in favor of the testamentary heirs of Juan Rijos Teduche.

The note appealed from must be reversed and the record requested by the appellants ordered.